UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PEDRO SANDOVAL SANCHEZ LOPEZ,

    Petitioner,

v.

VERNON LIGGINS,
*Acting Director of the U.S. Immigration and Customs Enforcement Baltimore Field Office,*
MATTHEW ELLISTON,
*Deputy Assistant Director for Field Operations, Eastern Division, Enforcement and Removal Operations,*
KRISTI NOEM,
*Secretary of Homeland Security,* and
PAMELA JO BONDI,
*Attorney General of the United States,*

    Respondents.

Civil Action No. 26-0663-TDC

## ORDER

    Petitioner Pedro Sandoval Sanchez Lopez, who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The parties have filed a Joint Notice stating that the factual and legal issues presented in this Petition do not differ in any material fashion from those previously presented to this Court in *Machado-Meza v. Bondi*, No. 26-0424-TDC (D. Md. 2026). The parties further state that the Court should incorporate Respondents' filings referenced in that case into the record of this proceeding in lieu of further briefing. The Court will do so.

    Respondents argue that the Petition should be dismissed because the Petition appears to assume that Sanchez Lopez is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b)(2) but he is in fact detained pursuant to the discretionary detention provision of 8 U.S.C.

§ 1226(a). Based on Respondents' representations to the Court that Sanchez Lopez is detained pursuant to § 1226(a), and based on the Court's conclusion in *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), that the detention of inadmissible noncitizens who were already present in the United States, had not attempted to acquire legal entry or status, and were not actively doing so at the time of their detention is governed by § 1226(a), not § 1225(b)(2), the Court finds that Sanchez Lopez is detained pursuant to § 1226(a). The Court incorporates by reference its detailed analysis of this issue in *Maldonado*. *See id.* at *5–10. Sanchez Lopez is therefore entitled to a bond hearing in accordance with 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d).

Respondents agree that Sanchez Lopez is entitled to a bond hearing and assert that he should request one. However, during a Case Management Conference on February 19, 2026, counsel for Respondents stated that while Respondents' position is that Sanchez Lopez is detained pursuant to § 1226(a), an Immigration Judge may nevertheless still find Sanchez Lopez detained pursuant to § 1225(b)(2), and thus ineligible for a bond hearing, absent a Court order that he is entitled to a bond hearing pursuant to § 1226(a). Further, because of the difficulties in scheduling bond hearings that have resulted when the Court directs a Petitioner to request a hearing as previously suggested by Respondents, *see Amaya Lopez v. Liggins*, No. 26-0159-TDC (D. Md. 2026), the Court will order that Sanchez Lopez receive the bond hearing he requested and to which he is entitled.

Finally, Sanchez Lopez requests that any bond hearing take place in Maryland so that, at minimum, his attorney can attend the bond hearing. Because of prior instances in which petitioners have been unable to have their counsel represent them at an out-of-state bond hearing, even remotely, *see id.*, and because during the February 19, 2026 Case Management Conference

Respondents could not guarantee that Sanchez Lopez's counsel would have adequate notice of and be able to represent Sanchez Lopez at an out-of-state bond hearing, the bond hearing shall occur at an Immigration Court in Maryland.

For the foregoing reasons, it is hereby ORDERED that Sanchez Lopez's Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED in that:

1. The Court finds that Sanchez Lopez's detention is governed by 8 U.S.C. § 1226(a) and enjoins detention of Sanchez Lopez pursuant to 8 U.S.C. § 1225(b).

2. Respondents shall arrange for Sanchez Lopez to receive a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1003.19, and 1236.1, in relation to which Sanchez Lopez shall receive all process due under these provisions.

3. The bond hearing shall be conducted pursuant to 8 U.S.C. § 1226(a), shall occur within **10 days** of the date of this Order, and shall be held at the Immigration Court in either Baltimore, Maryland or Hyattsville, Maryland, in order to ensure that Sanchez Lopez may be represented by his counsel.

4. If Sanchez Lopez is not provided with a bond hearing on these terms within **10 days** of the date of this Order, Respondents shall release Sanchez Lopez from custody.

5. Within **14 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. If Sanchez Lopez has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall state the grounds for the immigration judge's decision. The Joint Status Report shall also state whether the parties agree that this case may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: February 20, 2026

THEODORE D. CHUANG
United States District Judge